WILLIAM A. RICHARDSON, Judge of Probate, *vs.* FORBES OAKMAN & others.

Leave may be granted by the probate court to bring an action upon a probate bond, without notice to the obligors of the application for such leave, or previously summoning the principal obligor to render an account and ordering distribution thereon.

It is no objection to the maintenance of an action on the probate bond of an executor or administrator with the will annexed, for the benefit of legatees, that some of those claiming to be legatees are not entitled under the will.

ACTION OF CONTRACT on the probate bond of the administrator *de bonis non* of the estate of Winslow Sargeant, deceased, for the nonpayment to legatees of certain property bequeathed for life to his widow, who died before the administrator's appointment.

Answer, 1st. That no notice was given to the defendants of the application to the judge of probate for leave to bring a suit upon the bond; 2d. That the administrator had not first been summoned into the probate court to submit his account, and a decree of distribution obtained; 3d. That the legatees of the reversion had died before the legacies were payable; and that as they were payable to them only, and not to them and their issue, it should first be ascertained in the probate court, before bringing this suit, to whom and in what proportions the property was to be paid; 4th. That the parties for whose benefit this suit was brought were not entitled to anything under the will. Demur-

rer, because the answer stated no legal defence to the action. *Merrick*, J. sustained the demurrer; and the defendants alleged exceptions.

*G. W. Warren*, for the defendants.

*J. Dana*, for the plaintiff.

DEWEY, J. 1. No formal notice is necessary to an administrator *de bonis non* with the will annexed, of an application by a legatee to the judge of probate for leave to institute an action upon the probate bond of such administrator. It is not required by any statute provision; nor does such application fall within the principle of those cases where, from the legal interest of the party in the matter to be acted upon, he may invoke the application of the familiar rule, that the right of no one can be affected by a judgment rendered without notice of the proceedings and opportunity to be heard thereupon. Although the case of *Fay* v. *Rogers*, 2 Gray, 175, established the principle of requiring greater formality in the proceedings in the probate court on this subject than had been practised in some parts of the Commonwealth, it gave no sanction to the position now taken, that an administrator or executor is a party to such application pending before a court of probate for leave to sue the administration bond. On the contrary, it assumes that an administrator or executor would not be a party to such proceeding, and would not be authorized to take an appeal from an order of the judge of probate thereon as a party aggrieved. Such adjudication decides no question of the legal liability of the executor or administrator on his bond, but only grants to the party applying the privilege of raising the question of such liability in a court of law. Whenever such suit is instituted, the executor or administrator assumes the relation of a party thereto, and as such party must be duly notified before his rights can be affected. This objection to the present action must be overruled.

2. It was not necessary that the administrator should have been summoned to appear before the probate court and render his account of administration, before a suit on the bond could be instituted for the benefit of legatees.

3. It is no sufficient objection to maintaining this action,

that some one or more of the several persons to whom legacies were given had deceased before the bringing of the action or before the legacies became payable, or that the legatees reside in another state. As to such parties as are claiming legacies that are not directly given to them, but who claim merely as heirs at law of the legatees named in the will, the question of their particular rights may arise in a future stage of the case.

The demurrer to the answer is well taken, and the exceptions to the ruling of the court, whereby the demurrer was sustained, must be overruled. Judgment will be entered for the plaintiff for a breach of the bond, and further proceedings be had thereon as to the damages and awarding execution.

*Exceptions overruled.*